IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BARBRA COLLINS, AMY C. DUDLEY, and DONALD J. SOBERY, <br><br>    PLAINTIFFS, <br><br> V. <br><br> STATE OF TENNESSEE, and TRE HARGETT in *his official capacity as Tennessee Secretary of State*, <br><br>    DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. _____ <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiffs Barbra Collins ("Collins"), Amy C. Dudley ("Dudley"), and Donald J. Sobery ("Sobery") (collectively, "Plaintiffs"), file this Complaint against Defendants State of Tennessee (the "State") and Tre Hargett ("Hargett"), in his official capacity as Tennessee Secretary of State, (collectively "Defendants"), and allege as follows:

### NATURE OF THE ACTION

1. This is a civil action seeking damages and declaratory relief arising under the Qualification Clause of the United States Constitution. U.S. Const. Art. 1 § 2; U.S. Const. Art. 1 § 5. This action challenges the constitutionality of Tennessee Senate Bill 2616/House Bill 2764 (the "Provision") that imposes an impermissible residency requirement on candidates running for United States Congress.[1] Specifically, the Provision requires that a candidate running for United States Congress reside in Tennessee, as well as within the congressional district they seek to represent, for at least three years in order to appear on the primary ballot as a candidate.

---

[1] A copy of the legislation is attached hereto as **Exhibit 1**.

2. This Provision will become law unless Governor Bill Lee vetoes the legislation.

3. Under the challenged Provision, an otherwise constitutionally qualified candidate for whom Plaintiffs intend to vote in the Republican primary for the Fifth Congressional District, will be prohibited from running because she has not lived in Tennessee for at least three years. The Provision blatantly violates Article I of the United States Constitution (the "Constitution") because the Constitution delineates the only qualifications necessary to serve as a member of the U.S. House of Representatives, and vests with the House of Representatives the exclusive authority to judge the qualifications of its own members.

4. Plaintiffs seek damages and a declaration that the Provision is unconstitutional so that all qualified candidates who wish to run for Congress in the August 4, 2022 primary election may do so.

**PARTIES**

5. Plaintiff, Barbra Collins, is a citizen of the State of Tennessee, residing in the Fifth Congressional District, and has been at all times relevant to this lawsuit a qualified and registered voter in the State of Tennessee. Under the Provision, Collins would not be able to vote for her chosen candidate in the August 4, 2022 primary.

6. Plaintiff, Amy C. Dudley, is a citizen of the State of Tennessee, residing in the Fifth Congressional District, and has been at all times relevant to this lawsuit a qualified and registered voter in the State of Tennessee. Under the Provision, Dudley would not be able to vote for her chosen candidate in the August 4, 2022 primary.

7. Plaintiff, Donald J. Sobery, is a citizen of the State of Tennessee, residing in the Fifth Congressional District, and has been at all times relevant to this lawsuit a qualified and registered voter in the State of Tennessee according to state and federal law. Under the

Provision, Sobery would not be able to vote for his chosen candidate in the August 4, 2022 primary.

8. Defendant State of Tennessee (the "State"), through the Tennessee General Assembly, passed the unconstitutional Senate Bill 2616 on March 28, 2022, which establishes extra-Constitutional qualifications in order for candidates to qualify to run for Congress. Pursuant to Fed. R. Civ. P. 4(j)(2) and Tenn. R. Civ. P. 4.04, the State may be served through the Attorney General or any assistant attorney general at 500 Charlotte Ave, Nashville, TN 37219.

9. Defendant Tre Hargett ("Hargett") is the Tennessee Secretary of State. As the Tennessee Secretary of State, his powers and duties include, among other things, the administration and enforcement of Tennessee election law. Hargett acts under the color of law and is sued in his official capacity. Pursuant to Fed. R. Civ. P. 4(j)(2) and Tenn. R. Civ. P. 4.04, Hargett may be served through the Attorney General or any assistant attorney general at 500 Charlotte Ave, Nashville, TN 37219.

## JURISDICTION AND VENUE

10. This action arises under 42 U.S.C. § 1983, 28 U.S.C. § 2201, and Article I of the Constitution.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

12. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Plaintiffs all reside within this Judicial District, and Plaintiffs' constitutional rights will be and will continue to be violated by Defendants in this Judicial District.

## APPLICABLE LAW

13. Article 1 § 2 of the Constitution states: "No Person shall be a Representative who shall not have attained to the Age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen." Const., Art. 1 § 2.

14. Article 1 § 5 of the U.S. Constitution reads, "Each House shall be the Judge of the Elections . . . and Qualifications of its own Members." Const., Art. 1 § 5.

15. The Provision provides: "In order to qualify as a candidate in a primary election for the United States senate [sic] or for member of the United States house of representatives [sic], a person shall meet the residency requirements for state senators and representatives contained in the Tennessee constitution." *See* **Exhibit 1.**

16. Under the Tennessee Constitution: "No person shall be a representative unless he shall be a citizen of the United States, of the age of twenty-one years, and shall have been a citizen of this state for three years, and resident in the county he represents one year, [sic] immediately preceding the election." Tenn. Const. Art. 2, § 9.

17. Regarding State Senators, "No person shall be a senator unless he shall be a citizen of the United States, of the age of thirty years, and shall have resided three years in this state, and one year in the county or district, immediately preceding the election." Tenn. Const. Art. 2, § 10.

18. Statewide political parties shall nominate their candidates for the offices of Members of the United States House of Represenatives in primary elections "at the regular August election." Tenn. Code Ann. § 2-13-202. In 2022, the regular August election will be August 4, 2022. Elections for Representatives in the United States Congress shall be held at the

regular November election. *See* Tenn. Code Ann. § 2-3-203. In 2022, the regular November election shall be held on November 8, 2022.

19. "Independent and primary candidates for any office to be filled at the regular November election for which a primary is required to be held at the regular August election shall qualify by filing such candidates' nominating petitions no later than twelve o'clock (12:00) noon, prevailing time, on the first Thursday in April." Tenn. Code Ann. §2-5-101(b). In 2022, the qualifying deadline for primary candidates running for Congress to file their petitions is April 7, 2022.

20. "The general assembly shall establish the composition of districts for the election of members of the house of representatives in congress after each enumeration and apportionment of representation by the congress of the United States." Tenn. Code Ann. §2-16-102. After the 2020 census, Tennessee was apportioned nine congressional districts. On February 6, 2022, Governor Bill Lee signed into law the new congressional districts as approved by the Tennessee General Assembly.

## FACTUAL ALLEGATIONS

### *Background*

21. Plaintiffs are citizens of the State of Tennessee who reside in the Fifth Congressional District, are registered and eligible to vote, and intend to vote in the August 4, 2022 Republican primary to select their party's nominee to represent their district in the United States House of Representatives (the "House of Representatives").

22. On February 6, 2022 Governor Bill Lee signed into law a set of new Senate, House, and congressional maps. Adam Friedman and Melissa Brown. *Gov. Bill Lee Signs Redistricting Bills Dividing Davidson County into Three Congressional Districts. The*

5

*Tennessean*. (Mar. 30, 2022). https://cm.tennessean.com/offers-reg/?return=https%3A%2F%2Fwww.tennessean.com%2Fstory%2Fnews%2Fpolitics%2F2022%2F02%2F07%2Flee-signs-redistricting-bills-dividing-davidson-county%2F9245380002%2F. The plan spilt Davidson County into three separate congressional districts. *Id.* The Fifth Congressional District now runs through downtown Nashville and into largely rural areas which were previously Tennessee's Sixth and Seventh Congressional Districts. *Id.* Accordingly, the Fifth Congressional District is completely new to a lot of citizens that have been lifelong Tennesseans.

23. On February 7, 2022, Morgan Ortagus ("Ortagus") announced that she would run for Congress to represent Tennessee's Fifth Congressional District in the House of Representatives and filed her Statement of Candidacy with the Federal Election Commission that same day. Melissa Brown, *Morgan Ortagus Announces Trump-Backed Run for Tennessee's new 5th Congressional District*. The Ledger (Feb. 7, 2022), https://www.theledger.com/story/news/2022/02/07/morgan-ortagus-run-nashville-tennessees-5th-congressional-district/6688920001/; *see also* https://www.fec.gov/data/candidate/H2TN05362/?cycle=2022&election_full=false&tab=about-candidate.

24. Ortagus lives in Tennessee's Fifth Congressional District, relocating here after working with distinction as a member of President Donald J. Trump's administration. Gary White, *Endorsed By Trump, Polk Native Morgan Ortagus At Center Of Tennessee Congressional Fight*, The Ledger. (Mar. 25, 2022), https://www.theledger.com/story/news/local/2022/03/25/polk-county-native-morgan-ortagus-run-congress-prompts-election-debate-tennessee/7118735001/.

6

25. Ortagus is an active U.S. Navy Reserve Officer and a business executive. *Meet Morgan Ortagus*, Morgan Ortagus for Congress, https://morganortagus.com/meet-morgan/ (last visited Mar. 23, 2022). Ortagus served as Spokeswoman for Secretary of State Mike Pompeo in the Administration of President Donald J. Trump ("Trump Administration") from 2019 to 2021.

26. While serving in the Trump Administration, Ortagus helped with high-profile foreign policy actions, including hostage negotiations and the United States' campaign against Huawei's 5G expansion in the West. *Id.* While at the Department of State, Ortagus worked on the Abraham Accords which helped bring peace between Israel, and the UAE, Bahrain, and Sudan. *Id.* Ortagus also worked her way through public high school and college, and was once an Applebee's waitress. *Id.* In short, she is a dedicated public servant as well as a conservative leader who the citizens of Tennessee's Fifth District deserve to have the option of supporting in the August 4, 2022 primary.

27. Because of her dedication to conservative policies that put America first, President Donald J. Trump has strongly endorsed Ortagus' candidacy to be the Republican nominee to represent Tennessee's Fifth Congressional District.

28. Upon learning about Ortagus' candidacy, Plaintiffs decided to support Ortagus and want to vote for her in the August 4, 2022 Republican primary.

### *The Tennessee General Assembly Passed An Unconstitutional Law Targeting Plaintiffs' Preferred Candidate*

29. On March 28, 2022, the Tennessee General Assembly passed the Provision, which will codify into law unconstitutional qualifications a candidate must meet in order to run for United States Senate (the "Senate") or the House of Representatives. This law forbids all primary candidates that have not been a resident in the congressional district they seek to represent for the past three years, from qualifying to appear on the ballot for the August primary.

30. Upon information and belief this bill will become law on or about April 9, 2022 unless Governor Bill Lee vetoes the legislation.

31. Despite all of Ortagus' public service, accolades, and the endorsement of President Trump, she would no longer be eligible to represent the Fifth Congressional District if this provision is enforced to prevent her from appearing on the ballot as a candidate during the August primary. Adam Friedmand and Melissa Brown, *Redrawn 5th Congressional District Opens Door to High-Profile, Competitive GOP Primary*, The Tennessean (Jan. 26, 2022), https://www.tennessean.com/story/news/2022/01/27/morgan-ortagus-nabs-trump-endorsement-tennessee-5th-others-mull-candidacy/9224486002/. Accordingly, if Defendants are allowed to enforce the Provision against Ortagus, Plaintiffs will not be able to vote for the candidate of their choice to represent them in Congress.

32. Members of the Tennessee General Assembly who passed the Provision ***know*** it is unconstitutional. Jon Styf, *Constitutional Questions Surround Attempt To Add Residency Rule For Tennessee Congressional Primaries*, The Center Square (Feb. 15, 2022), https://www.thecentersquare.com/tennessee/constitutional-questions-surround-attempt-to-add-residency-rule-for-tennessee-congressional-primaries/article_7be8fa50-8e92-11ec-8084-b7c4645a1d7a.html. Counsel for the Tennessee State Senate's Local Government Committee, Josh Houston, said there had been several attempts by other states to enact similar requirements, all of which were declared unconstitutional. *Id.* ("There have been cases like this before and they have all been ruled unconstitutional.").

33. Ken Yager, Chairman of the Repulican Caucus in the Tennessee Senate said, "I have some real serious considerations about the Constitutionality of the bill." Vivian Jones, *Residence Bill Would Block 2 GOP Candidates from District 5 Primary*, Main Street Nashville

(Feb. 16, 2022), https://www.mainstreet-nashville.com/news/residency-bill-would-block-2-gop-candidates-from-district-5-primary/article_3be79124-8ebe-11ec-baf9-c3ed66482ebe.html.

34. The Tennessee General Assembly has acknowledged the unconstitutionality of the Provision, yet passed it anyway, thereby necessitating the present litigation.

35. Worse, it is clear that the Provision is specifically designed to target Ortagus and prevent her running for Congress. Melissa Brown, *Legislator Takes Aim at Tennessee Transplant Congressional Candidates with New Bill*, The Tennessean (Feb. 16, 2022). https://www.tennessean.com/story/news/politics/2022/02/15/tennessee-bill-would-place-residency-requirements-candidates/6800035001/.

36. The Provision's residency requirement runs afoul of Supreme Court precedent as established in *U.S. Term Limits, Inc. v. Thornton*, holding that states cannot impose additional requirements on candidates that want to run for Congress. 514 U.S. 779, 816 (1995) ("The Framers intended the Elections Clause to grant States the authority to create procedural regulations, not to provide States with license to exclude classes of candidates from federal office.").

37. Moreover, the Constitution vests each house of Congress with the "*sole authority . . . to judge the elections, returns and qualifications of its members.*" *Barry v. U.S. ex rel. Cunningham*, 279 U.S. 597, 619 (1929) (emphasis added); *see also* U.S. Const. Art. I, § 5.

38. The Constitution does not empower state legislatures to infringe upon Congress' exclusive authority to judge the qualifications of its members. *Roudebush v. Hartke*, 405 U.S. 15, 19 (1972). In *U.S. Term Limits*, the United States Supreme Court held that states "have no authority to change, add to, or diminish, the requirements for congressional service enumerated in the Qualifications Clauses." *U.S. Term Limits,* 514 U.S. at 816 (citations omitted); *see also*

9

*Cox v. McCrery*, No. CIV.A.06-2191, 2007 WL 97142, at *3 (W.D. La. Jan. 5, 2007) ("The Qualifications Clause is exclusive and cannot be enlarged by the states.").

39. In the wake of *U.S. Term Limits*, federal appellate courts across the country have held that state legislatures cannot impose residency requirements for their congressional districts. *Schaefer v. Townsend*, 215 F.3d 1031 (9th Cir. 2000) ("We therefore hold that California's requirement that candidates to the House of Representatives reside within the state *before* election, violates the Constitution by handicapping the class of nonresident candidates who otherwise satisfy the Qualifications Clause."); *Tex. Democratic Party v. Benkiser*, 459 F.3d 582 (5th Cir. 2006); *Campbell v. Davidson*, 233 F.3d 1229, 1235 (10th Cir. 2000) (ruling that a Colorado law that required candidates to be a resident of the state for at least 30 days prior to an election was unconstitutional).

40. If this Provision is enforced and allowed to proceed, Ortagus would no longer be eligible to represent the Fifth Congressional District and would be required to suspend her campaign, thereby robbing Plaintiffs of the opportunity to vote for their candidate of choice in the August 4, 2022 Republican primary.

## HARM TO PLAINTIFFS

41. Plaintiffs are ready, willing, and eager to vote for Ortagus in the Republican primary to be the party's nominee for Congress in the Fifth Congressional District.

42. Plaintiffs have a right to vote for their desired candidate. *Anderson v. Celebrezze*, 460 U.S. 780, 787 (1983); *U.S. Term Limits,* 514 U.S. at 819 ("fundamental principle of our representative democracy is that . . . the people should choose whom they please to govern them.").

43. Yet, if enacted and enforced against Ortagus, Plaintiffs would be unable to vote for their desired candidate since she has not resided in Tennessee's Fifth Congressional District for more than three years.

44. The Provision impermissably limits who Plaintiffs can vote for based upon an unconstitutional requirement to serve as a Member of Congress. Based on the plain language of the Constitution, as interpreted by federal courts throughout the country, states do "not possess the power to supplement the exclusive qualifications set forth in the text of the Constitution." *U.S. Term Limits*, 514 U.S. at 816; *Schaefer*, 215 F.3d at 1035. The Supreme Court has held that a state provision creating an absolute bar to candidates, who otherwise meet the requirements of the Qualifications Clause, is unconstitutional. *U.S. Term Limits*, 514 U.S. at 835 (ruling that the only qualifications provisions that are constitutional are when the provisions "regulated election *procedures* and did not even arguably impose any substantive qualification rendering a class of potential candidates ineligible for ballot position").

45. The Provision is not procedural, but rather creates substantive qualifications for candidates above those which appear in Article I of the Consitution.

46. If the Provision is enforced, Plaintiffs and other voters will be unable to vote for their preferred qualified candidates in the Republican Primary to represent the Fifth Congressionl District.

47. The residency requirement imposed by the Provision severely burdens Plaintiffs' right to vote for qualified candidates under the Qualifications Clause of the Constitution.

48. Plaintiffs face imminent and irreparable injury in the near future if the Provision becomes law, is enforced, and not declared unconstitutonal, because the qualifying deadline for the upcoming primary election is April 7, 2022. Thus, if the Provision is enforced, and Ortagus

is removed from the ballot, Plaintiffs will not be able to vote for her in the August 4, 2022 primary.

## CLAIMS FOR RELIEF

### *First Claim Of Relief—Declaratory Judgment Act (28 U.S.C. §2201, et seq.)*

49. Plaintiffs restate and incorporate by reference the allegations of paragraphs 1-47 above as though fully set forth herein.

50. Plaintiffs ask the Court to declare that this provision may not be used to prevent Ortagus from remaining on the ballot to run in the Republican primary to represent the Fifth Congressional District in Congress.

### *Second Claim Of Relief—42 U.S.C. § 1983*

51. Plaintiffs restate and incorporate by reference the allegations of paragraphs 1-49 above as though fully set forth herein.

52. 42 U.S.C. § 1983 reads:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

53. Upon information and belief, Defendants intend to enforce the Provision if it becomes law.

54. Upon information and belief this bill will become law on April 9, 2022 unless Governor Bill Lee vetoes the legislation.

55. As the parties responsible for interpretation and enforcement of the Provision, Defendants are liable for any action taken pursuant to the Provision that violates Plaintiffs' constitutional rights.

56. Defendants would be acting under color of law and in their official capacity if they deny Ortagus access from the primary ballot.

57. The Provision specifically runs afoul of Article 1 of the Constitution. The Provision requires candidates running for Congress to reside in the Congressional district they seek to represent for at least three years prior to running for office, and impermissibly expands the requirements otherwise necessary for a candidate for Congress.

58. Multiple courts have already ruled that states cannot impose residency requirements on congressional office prior to the election. *Schaefer*, 215 F.3d at 1031; *Tex. Democratic Party v. Benkiser*, 459 F.3d 582 (5th Cir. 2006); *Campbell v. Davidson*, 233 F.3d 1229, 1235 (10th Cir. 2000).

59. In light of the Provision's requirements, Plaintiffs would not be able to vote for their preferred Congressional candidate. Plaintiffs' injuries will continue into the future unless the challenged provision is declared unconstitutional.

### *Third Claim Of Relief—Declaratory Judgment Act (28 U.S.C. §2201, et seq.)*

60. Plaintiffs restate and incorporate by reference the allegations of paragraphs 1-58 above as though fully set forth herein.

61. Plaintiffs ask the Court to declare that (1) Ortagus is eligible to run in the Republican Primary for representative of the Fifth Congressional District, and that (2) that Senate Bill 2616 is unconstitutional because Article I, § 2 of the Constitution sets forth the *exclusive* list of qualifications for serving as a member of the House of Representatives: the candidate must be

(a) at least twenty-five years old, (b) a U.S. citizen for at least seven years and (c) an inhabitant of the state he or she will represent when elected. Ortagus satisfies all three critreria.

62. Plaintiffs also ask that the Court declare Senate Bill 2616 unconstitutional as it runs afoul of Article 1, § 5 of the Constitution, which vests the House of Representatives with exclusive authority to determine the eligibility of its members. *See* U.S. Const. Art. 1 § 5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Declare Ortagus can remain on ballot for the August 7, 2022 Republican primary as a candidate to represent the Fifth Congressional District;

B. Preclude Defendants from enforcing the Provision by removing Ortagus from the ballot in the August 7, 2022 primary;

C. Declare the Provision unconstitutional because U.S. Const. Art. 1 § 2 of the U.S. Constitution sets forth the exclusive list of qualifications for serving as a member of the House of Representatives;

D. Declare the Provision unconsitutional because U.S. Const. Art. 1 § 5 provides that only the House of Representatives can set forth a representative's qualifications;

E. Costs and attorneys' fees pursuant to 42 U.S.C. § 1983 or any applicable statute or authority; and,

F. Such other or further relief the Court deems to be just and appropriate.

Respectfully submitted,

**DICKINSON WRIGHT PLLC**

*s/ Autumn L. Gentry*
Autumn L. Gentry #20766
424 Church Street, Suite 800
Nashville, TN 37219-2392
Tel: (615) 244-6538
Fax: (844) 670-6009
agentry@dickinsonwright.com

*s/ Charles R. Spies*
Charles R. Spies *Pro Hac Vice Pending*
District of Columbia Bar # 989020
1825 Eye St., Suite 900
Washington, D.C. 20006
Tel: (202) 466-5964
Fax: (844) 670-6009
cspies@dickinsonwright.com

*Attorneys for Plaintiffs*