IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BARBRA COLLINS, AMY C. DUDLEY, and DONALD J. SOBERY, <br><br> PLAINTIFFS, <br><br> V. <br><br> STATE OF TENNESSEE, and TRE HARGETT in *his official capacity as Tennessee Secretary of State*, <br><br> DEFENDANTS. | CASE NO. 3:22-CV-225 |

## FIRST AMENDED COMPLAINT

Plaintiffs Barbra Collins ("Collins"), Amy C. Dudley ("Dudley"), and Donald J. Sobery ("Sobery") (collectively "Plaintiffs") file this First Amended Complaint against Defendants State of Tennessee (the "State") and Tre Hargett ("Hargett"), in his official capacity as Tennessee Secretary of State (collectively "Defendants"), and allege as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking declaratory relief arising under the Qualifications Clause of the United States Constitution. *See* U.S. Const. Art. 1 § 2; U.S. Const. Art. 1 § 5. This action challenges the constitutionality of Tennessee Senate Bill 2616/House Bill 2764 (the "Provision") that imposes an impermissible residency requirement on candidates running for United States Congress.[1] Specifically, the Provision requires that a candidate running for United States Congress reside in Tennessee, as well as within the congressional district they seek to represent, for at least three years in order to appear on the primary ballot as a candidate.

---

[1] A copy of the legislation is attached hereto as **Exhibit 1**.

2. Under the challenged Provision, an otherwise constitutionally qualified candidate for the United States Senate or United States House of Representatives would be prohibited from running for election to represent Tennessee if he or she has not lived in Tennessee for at least three years. The Provision blatantly violates Article I of the United States Constitution (the "Constitution") because the Constitution delineates the only qualifications necessary to serve as a member of the United States House of Representatives, and vests with the House of Representatives the exclusive authority to judge the qualifications of its own members.

3. Plaintiffs seek a declaration that the Provision is unconstitutional and should not be enforced going forward.

## PARTIES

4. Plaintiff Barbra Collins is a citizen of the State of Tennessee, residing in the Fifth Congressional District, and has been at all times relevant to this lawsuit a qualified and registered voter in the State of Tennessee. As a voter in the State of Tennessee, she is a member of the class of people affected by the Provision.

5. Plaintiff Amy C. Dudley is a citizen of the State of Tennessee, residing in the Fifth Congressional District, and has been at all times relevant to this lawsuit a qualified and registered voter in the State of Tennessee. As a voter in the State of Tennessee, she is a member of the class of people affected by the Provision.

6. Plaintiff Donald J. Sobery is a citizen of the State of Tennessee, residing in the Fifth Congressional District, and has been at all times relevant to this lawsuit a qualified and registered voter in the State of Tennessee. As a voter in the State of Tennessee, he is a member of the class of people affected by the Provision.

7. Defendant State of Tennessee (the "State"), through the Tennessee General Assembly, passed the unconstitutional Provision that became law on April 13, 2022, which establishes extra-Constitutional qualifications in order for candidates to qualify to run for Congress in Tennessee. Pursuant to Fed. R. Civ. P. 4(j)(2) and Tenn. R. Civ. P. 4.04, the State may be served through the Attorney General or any assistant attorney general at 500 Charlotte Ave, Nashville, Tennessee, 37219.

8. Defendant Tre Hargett is the Tennessee Secretary of State. As the Tennessee Secretary of State, his powers and duties include, among other things, the administration and enforcement of Tennessee election law. Pursuant to Fed. R. Civ. P. 4(j)(2) and Tenn. R. Civ. P. 4.04, Hargett may be served through the Attorney General or any assistant attorney general at 500 Charlotte Ave, Nashville, Tennessee, 37219.

## JURISDICTION AND VENUE

9. This action arises under 28 U.S.C. § 2201, 42 U.S.C. § 1983, and Article I of the Constitution.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

11. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Plaintiffs all reside within this Judicial District, and Plaintiffs' constitutional rights will be and will continue to be violated by Defendants in this Judicial District.

## APPLICABLE LAW

12. Candidate eligibility requirements implicate basic constitutional rights of voters and, therefore, Plaintiffs have standing to challenge the Provision. *See Anderson v. Celebrezze,* 460 U.S. 780, 786–87 (1983); *see also Citizens for Legislative Choice v. Miller*, 144

F.3d 916, 920 (6th Cir. 1998) (ruling that voters have standing to challenge a provision that imposed lifetime term limits on state legislators).

13. Article 1 § 2 of the Constitution states: "No Person shall be a Representative who shall not have attained to the Age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen." U.S. Const., Art. 1 § 2.

14. Article 1 § 5 of the U.S. Constitution reads, "Each House shall be the Judge of the Elections . . . and Qualifications of its own Members." U.S. Const., Art. 1 § 5.

15. The Provision provides, "In order to qualify as a candidate in a primary election for the United States senate [sic] or for member of the United States house of representatives [sic], a person shall meet the residency requirements for state senators and representatives contained in the Tennessee constitution." *See* **Exhibit 1.** Further the Provision states, "[t]his act takes effect upon becoming a law, the public welfare requiring it." *See **Id.***

16. It is immaterial that the provision affects primaries and not general elections because federal courts have already determined that primary election laws have the same constitutional analysis as general election laws. *Smith v. Allwright*, 321 US 649 (1944); *see Tashjian v. Republican Party of Connecticut*, 479 US 208, 227 (1986) ("[W]e hold that the Qualifications Clauses of Article I, § 2, . . . are applicable to primary elections in precisely the same fashion that they apply to general congressional elections.").

17. Under the Tennessee Constitution: "No person shall be a representative unless he shall be a citizen of the United States, of the age of twenty-one years, and shall have been a citizen of this state for three years, and resident in the county he represents one year, [sic] immediately preceding the election." Tenn. Const. Art. 2, § 9.

18. Regarding State Senators, "No person shall be a senator unless he shall be a citizen of the United States, of the age of thirty years, and shall have resided three years in this state, and one year in the county or district, immediately preceding the election." Tenn. Const. Art. 2, § 10.

19. "Every bill which may pass both Houses of the General Assembly shall, before it becomes a law, be presented to the governor for his signature. . . If the governor shall fail to return any bill with his objections in writing within ten calendar days (Sundays excepted) after it shall have been presented to him, the same shall become a law without his signature." Tenn. Const. Art. 3 § 18.

20. Statewide political parties shall nominate their candidates for the offices of Members of the United States House of Representatives in primary elections "at the regular August election." Tenn. Code Ann. § 2-13-202.

21. "Independent and primary candidates for any office to be filled at the regular November election for which a primary is required to be held at the regular August election shall qualify by filing such candidates' nominating petitions no later than twelve o'clock (12:00) noon, prevailing time, on the first Thursday in April." Tenn. Code Ann. § 2-5-101(b).

22. "The general assembly shall establish the composition of districts for the election of members of the house of representatives in congress after each enumeration and apportionment of representation by the congress of the United States." Tenn. Code Ann. § 2-16-102. After the 2020 census, Tennessee was apportioned into nine congressional districts. On February 6, 2022, Governor Bill Lee signed into law the new congressional districts as approved by the Tennessee General Assembly.

# FACTUAL ALLEGATIONS

## *Background*

23. Plaintiffs are citizens of the State of Tennessee who reside in the Fifth Congressional District, are registered and eligible to vote, and intend to vote in the Republican Primary election for years to come to select their party's nominee to represent their district in the House of Representatives, as well as the United States Senate.

24. The Provision affects Plaintiffs because they would be unable to vote for otherwise constitutionally-qualified candidates if it remains in effect.

## *The Tennessee General Assembly Passed an Unconstitutional Law*

25. On March 28, 2022, the Tennessee General Assembly passed the Provision, which, once enacted, codified into law the unconstitutional qualifications that candidates must meet in order to qualify as a candidate representing Tennessee in the United States Senate or the House of Representatives. The Provision forbids all primary candidates who have not been a resident for the past three years in the congressional district they seek to represent, from qualifying to appear on the ballot.

26. Members of the Tennessee General Assembly who passed the Provision ***knew*** it was unconstitutional before passing it. Jon Styf, *Constitutional Questions Surround Attempt To Add Residency Rule For Tennessee Congressional Primaries*, The Center Square (Feb. 15, 2022), https://www.thecentersquare.com/tennessee/constitutional-questions-surround-attempt-to-add-residency-rule-for-tennessee-congressional-primaries/article_7be8fa50-8e92-11ec-8084-b7c4645a1d7a.html. Counsel for the Tennessee State Senate's Local Government Committee, Josh Houston, said there had been several attempts by other states to enact similar requirements,

all of which were declared unconstitutional. *Id.* ("There have been cases like this before and they have all been ruled unconstitutional.").

27. Ken Yager, Chairman of the Republican Caucus in the Tennessee Senate said, "I have some real serious considerations about the Constitutionality of the bill." Vivian Jones, *Residence Bill Would Block 2 GOP Candidates from District 5 Primary*, Main Street Nashville (Feb. 16, 2022), https://www.mainstreet-nashville.com/news/residency-bill-would-block-2-gop-candidates-from-district-5-primary/article_3be79124-8ebe-11ec-baf9-c3ed66482ebe.html.

28. The Provision was sent to Governor Lee on April 1, 2022. *SB 2616*, Tennessee General Assembly (Apr. 11, 2022), https://wapp.capitol.tn.gov/apps/BillInfo/Default.aspx?BillNumber =SB2616. Under Tennessee law, Governor Lee had ten (10) days—Sundays excepted— to either sign or veto the legislation. If Governor Lee failed to veto the legislation by April 12, 2022, the Provision would become law on April 13, 2022.

29. After Governor Lee declined to veto the Provision, it became law on or about April 13, 2022.

30. The Provision's residency requirements run afoul of Supreme Court precedent as established in *U.S. Term Limits, Inc. v. Thornton*, holding that states cannot impose additional requirements on candidates that want to run for Congress. 514 U.S. 779, 816 (1995) ("The Framers intended the Elections Clause to grant States the authority to create procedural regulations, not to provide States with license to exclude classes of candidates from federal office.").

31. That the residency requirements only affect primary elections does not make the Provision constitutional. *See Tashjian v. Republican Party of Connecticut,* 479 U.S. 208, 227 (1986).

32. Moreover, the Constitution vests each house of Congress with the "*sole authority* . . . to judge the elections, returns and qualifications of its members." *Barry v. U.S. ex rel. Cunningham*, 279 U.S. 597, 619 (1929)(emphasis added); *see also* U.S. Const. Art. I, § 5.

33. The Constitution does not empower state legislatures to infringe upon Congress' exclusive authority to judge the qualifications of its members. *Roudebush v. Hartke*, 405 U.S. 15, 19 (1972). In *U.S. Term Limits*, the United States Supreme Court held that states "have no authority to change, add to, or diminish, the requirements for congressional service enumerated in the Qualifications Clauses." *U.S. Term Limits,* 514 U.S. at 816 (citations omitted); *see also Cox v. McCrery*, No. CIV.A.06-2191, 2007 WL 97142, at *3 (W.D. La. Jan. 5, 2007) ("The Qualifications Clause is exclusive and cannot be enlarged by the states.").

34. In the wake of *U.S. Term Limits*, federal appellate courts across the country have held that state legislatures cannot impose residency requirements for their congressional districts. *Schaefer v. Townsend*, 215 F.3d 1031 (9th Cir. 2000) ("We therefore hold that California's requirement that candidates to the House of Representatives reside within the state *before* election, violates the Constitution by handicapping the class of nonresident candidates who otherwise satisfy the Qualifications Clause."); *Tex. Democratic Party v. Benkiser*, 459 F.3d 582 (5th Cir. 2006) (ruling that a party's ability to strike a primary winner from the general election ballot because the candidate had not met all the residency requirements was unconstitutional); *Campbell v. Davidson*, 233 F.3d 1229, 1235 (10th Cir. 2000) (ruling that a

Colorado law that required candidates to be a resident of the state for at least 30 days prior to an election was unconstitutional).

35. If this Provision is not declared unconstitutional and is subsequently enforced, otherwise qualified candidates will no longer be eligible to represent the Fifth Congressional District and other congressional districts in Tennessee, thereby robbing Plaintiffs (and other Tennessee voters) of the opportunity to vote for otherwise constitutionally qualified candidates in the future.

## HARM TO PLAINTIFFS

36. Plaintiffs are a class of people affected by the presently written legislation. Specifically, due to the Provision, Plaintiffs will not be able to vote for otherwise constitutionally qualified candidates. *See Citizens for Legislative Choice*, 144 F.3d 916, 920 (6th Cir. 1998) (voters had standing to challenge term limits on state legislators); *see generally U.S. Term Limits,* 514 U.S. 779 (allowing Bobbie Hill, on behalf of herself, similarly situated citizens, residents, tax payers, and registered voters, to bring suit against the state for implementing a law that violates the Qualifications Clause).

37. Plaintiffs have a right to vote for their desired candidate. *Anderson*, 460 U.S. at 787; *see also U.S. Term Limits,* 514 U.S. at 819 ("fundamental principle of our representative democracy is that . . . the people should choose whom they please to govern them.").

38. Yet, if the Provision is allowed to remain in effect, Plaintiffs will be unable to vote for all potential constitutionally qualified candidates that have not resided in Tennessee's Fifth Congressional District (or any other congressional district) for more than three years.

39. The Provision impermissibly limits who Plaintiffs can vote for to serve as a member of Congress based upon an unconstitutional requirement. Based on the plain language

of the Constitution, as interpreted by federal courts throughout the country, states do "not possess the power to supplement the exclusive qualifications set forth in the text of the Constitution." *U.S. Term Limits*, 514 U.S. at 816; *Schaefer*, 215 F.3d at 1035. The Supreme Court has held that a state provision creating an absolute bar to candidates, who otherwise meet the requirements to be a member of Congress, is unconstitutional. *U.S. Term Limits*, 514 U.S. at 835 (ruling that the only qualification provisions that are constitutional are when the provisions "regulated election *procedures* and did not even arguably impose any substantive qualification rendering a class of potential candidates ineligible for ballot position.").

40. The Provision is not procedural, but rather creates substantive qualifications for candidates above those that appear in Article I of the Constitution.

41. If the Provision is enforced, Plaintiffs and other voters will be unable to vote for constitutionally qualified candidates in the Republican Primary to represent the Fifth Congressional District.

42. The residency requirement imposed by the Provision severely burdens Plaintiffs' right to vote for qualified candidates under the Constitution.

## CLAIMS FOR RELIEF

### *First Claim Of Relief—Declaratory Judgment Act (28 U.S.C. §2201, et seq.)*

43. Plaintiffs restate and incorporate by reference the allegations of paragraphs 1-42 above as though fully set forth herein.

44. Plaintiffs ask the Court to declare that the Provision is unconstitutional because Article I, § 2 of the Constitution sets forth the *exclusive* list of qualifications for serving as a member of the House of Representatives: the candidate must be (a) at least twenty-five years old,

(b) a U.S. citizen for at least seven years, and (c) an inhabitant of the state he or she will represent when elected.

45. Plaintiffs also ask that the Court to declare that the Provision is unconstitutional as it runs afoul of Article I, § 5 of the Constitution which vests the House of Representatives with exclusive authority to determine the eligibility of its members. *See* U.S. Const. Art. 1 § 5.

## *Second Claim of Relief—42 U.S.C. § 1983*

46. Plaintiffs restate and incorporate by reference the allegations of paragraphs 1-45 above as though fully set forth herein.

47. 42 U.S.C. § 1983 reads:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

48. This bill became law on or about April 13, 2022, when Governor Lee failed to veto the Provision.

49. As the parties responsible for interpretation and enforcement of the Provision, Defendants are liable for any action taken pursuant to the Provision that violates Plaintiffs' constitutional rights.

50. Defendants will be acting under color of law and in their official capacity if they deny anyone access to a primary ballot based upon the Provision.

51. The Provision specifically runs afoul of Article 1 of the Constitution. The Provision requires candidates running for Congress to reside in the congressional district they seek to represent for at least three years prior to running for office, and impermissibly expands the requirements otherwise necessary for a candidate running for Congress.

52. Multiple circuit courts have already ruled that states cannot impose residency requirements on a congressional office prior to the election. *Schaefer*, 215 F.3d at 1031; *Benkiser*, 459 F.3d 582; *Campbell*, 233 F.3d at 1235.

53. In light of the Provision's requirements, Plaintiffs will not be able to vote for otherwise constitutionally qualified candidates. Plaintiffs' injuries will continue into the future unless the challenged provision is declared unconstitutional.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Declare the Provision unconstitutional because U.S. Const. Art. 1 § 2 of the United States Constitution sets forth the exclusive list of qualifications for serving as a member of the United States House of Representatives;

B. Declare the Provision unconstitutional because U.S. Const. Art. 1 § 5 provides that only the United States House of Representatives can set forth a representative's qualifications;

C. Costs and attorneys' fees pursuant to 42 U.S.C. § 1983 or any applicable statute or authority; and

D. Such other or further relief the Court deems to be just and appropriate.

12

Case 3:22-cv-00225   Document 16   Filed 04/15/22   Page 12 of 13 PageID #: 64

Respectfully submitted,

**DICKINSON WRIGHT PLLC**

*s/ Autumn L. Gentry*
Autumn L. Gentry #20766
424 Church Street, Suite 800
Nashville, TN 37219-2392
Tel: (615) 244-6538
Fax: (844) 670-6009
agentry@dickinsonwright.com

*s/ Charles R. Spies*
Charles R. Spies *Pro Hac Vice*
District of Columbia Bar # 989020
1825 Eye St., Suite 900
Washington, D.C. 20006
Tel: (202) 466-5964
Fax: (844) 670-6009
cspies@dickinsonwright.com

*Attorneys for Plaintiffs*